**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**PATRICIA FRALICK and**
**DEAN FRALICK,**

                         **Plaintiffs,**               **06-CV-0340S(Sr)**
**v.**

**CHAUTAUQUA COUNTY CHAPTER**
**OF AMERICAN NATIONAL RED CROSS**
**and**
**AMERICAN NATIONAL RED CROSS,**

                         **Defendants.**
_____

## DECISION AND ORDER

_____This matter was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters.  Dkt. #9.


                In this action, plaintiff Patricia Fralick ("plaintiff"), alleges that she

sustained deep vein thrombosis ("DVT"), in her left arm with residual nerve damage

following her donation of blood to the defendants on March 31, 2005.  Dkt. #1.


                Currently before the Court is defendants' letter request, dated January 25,

2007, for assistance resolving discovery issues.  Specifically, defendants seek:

    1.  authorizations permitting disclosure of plaintiff's
        medical records preceding the alleged incident;

    2.  extension of the deadline for completing discovery to
        April 27, 2007 and a corresponding extension of all
        subsequent deadlines;

    3.  extension of the deadline to initiate mediation until
        discovery is completed; and

    4.  a qualified protective order and authorization
        permitting *ex parte* interviews of plaintiff's physicians.

In addition, defendants seek an order staying plaintiff's deposition pending resolution of

these issues, while plaintiffs seek to compel the depositions currently scheduled for

February 12 and 16 to go forward.


Discovery of Pre-Incident Medical & Psychological Records

        Defendants argue that they should be permitted to discover plaintiff's pre-

incident medical records to assess potential causes for her injuries other than the

collection of blood by defendants.  Defendants also seek pre-incident psychological

records to assess whether psychological causes may be contributing to her allegations

of continuing pain.


        Plaintiff's counsel objects to these requests.  With respect to the request

for prior medical records, plaintiff's counsel disputes defendants' characterization of her

treating physicians' notes regarding causation.  With respect to the request for

psychological records, plaintiff's counsel asserts that

> The defendant's [sic] attorney's attempts to inject a
> psychiatric component into this case are also misplaced.
> There is no issue in the case which would justify giving the
> defendant's [sic] attorney permission to delve into highly
> personal, private and completely unrelated matters.  The
> scope of discovery is dictated by the conditions affirmatively
> placed at issue by the plaintiff's allegations.  The doctor-
> patient privilege is waived only with regard to relevant
> medical treatment.

In her response to defendants' first set of interrogatories, plaintiff claims damages for "DVT (deep vein thrombosis) of the left upper extremity and left brachial plexus neuritis, complex regional pain syndrome, post-traumatic stress, depression, insomnia, tingling, numbness, pain and suffering."

The Court agrees that plaintiff's prior medical history is relevant to assessing causation of plaintiff's deep vein thrombosis, a condition which may be caused or aggravated by a number of individual risk factors.[1]  The court is sensitive, however, to the unlimited time frame of defendants' request for medical records. Accordingly, defendants shall be afforded access to plaintiff's medical records for the two-year period preceding her injury.

At this point, the Court has insufficient information to assess the request for disclosure of psychological records.  Defendants may inquire of plaintiff, either by interrogatory or deposition, whether she received any psychological counseling prior to this incident and, if so, the general nature of this counseling or stressor precipitating it. Should it appear that there is a prior history of post-traumatic stress, depression or insomnia, for example, the Court will reconsider defendants' request for access to those records.

---

[1] *See https://www.preventdvt.org/riskFactors/whosatrisk.aspx*

Extension of Case Management Order

Defendants' request for an extension of the Court's Case Management Order (Dkt. #13), is granted.  An Amended Case Management Order will issue separately.

Extension of Mediation Deadline

In it's original Case Management Order, the parties were directed to attend an initial mediation session no later than October 20, 2006.  Dkt. #13.  That deadline was subsequently extended to February 2, 2007.  Dkt. #17.  Defendants currently seek to extend the deadline to commence mediation until discovery is complete.  That request is denied.  The Alternative Dispute Resolution Plan was drafted to encourage early settlement discussions and to facilitate communication as a case proceeds through the litigation process.  The parties shall schedule an initial mediation session to commence no later than March 12, 2007.

Ex-Parte Interviews of Plaintiff's Physicians

Defendants request a qualified protective order and authorization permitting *ex parte* interviews of plaintiff's physicians.

Plaintiff's counsel argues that defendants have "not made any showing that, at this point, this unusual relief would be necessary to [their] defense."

The Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), provides that a covered entity, such as treating physicians, may disclose protected health information in the course of any judicial proceeding pursuant to: (a) a court order; or (b) in response to a subpoena, discovery request or other lawful process, if the covered entity receives satisfactory assurances, as evidenced by, *inter alia*, a qualified protective order.  45 C.F.R. § 164.512.   Rule 26(c) of the Federal Rules of Civil Procedure affords the Court discretion to enter a protective order "for good cause shown."  As defendants have not demonstrated good cause for an order permitting *ex parte* communication with plaintiff's medical providers, this request is denied without prejudice.


Deposition Schedule

The depositions currently scheduled for February 12 and 16 shall be rescheduled for a date following receipt of plaintiff's medical records as set forth above.


**SO ORDERED.**


DATED:      Buffalo, New York
            February 9, 2007


                           **S/ H. Kenneth Schroeder, Jr.**
                           **H. KENNETH SCHROEDER, JR.**
                           **United States Magistrate Judge**